JS - 6

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, BOYDD IRVING,<br><br>　　　　　　Petitioners,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondents. | Case No. CV 17-0134-JGB (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

　　　　On January 6, 2017, Brandon Favor, a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") purportedly on behalf of Boydd Irving.[1] (Petition at 1, 2.)[2]

　　　　As set forth more fully below, the instant Petition must be dismissed.

---

[1] Favor also improperly lists the "Cochran Law Firm" as counsel of record and himself as a "legal assistant" with an address in Los Angeles. It is clear, however, that Favor is an inmate at the California Correctional Institution in Tehachapi and is not employed as a legal assistant with the Cochran Law Firm. It is also clear that the Petition and attached exhibits were submitted by Favor and not the Cochran Law Firm.

[2] The Court refers to the pages of the Petition as numbered by the Court's CM/ECF system.

**DISCUSSION**

## I. Duty to Screen

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

## II. The Petition Must Be Summarily Dismissed

Favor purports to file this habeas petition on behalf of Boydd Irving. Under appropriate circumstances, habeas petitions can "be brought by third parties, such as family members or agents, on behalf of a prisoner. This species of third-party habeas standing, known as next-friend standing, was examined at length by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 161-64, 110 S. Ct. 1717, 109 L.Ed.2d 135 (1990)." Coalition of Clergy v. Bush, 310 F.3d 1153, 1158 (9th Cir. 2002). In Whitmore, the Supreme Court explained the requirements for next friend standing in habeas cases:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant

relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. Whitmore, 495 U.S. at 163-64 (internal citations omitted). Favor does not meet either requirement to establish "next friend" standing that would enable him to file a habeas petition on Irving's behalf. Favor makes no showing that Irving is unable appear on his own behalf to prosecute a habeas action or that Favor is truly dedicated to Irving's best interests or has a special relationship with him.[3]

Accordingly, Favor lacks standing to bring a petition on behalf of Irving, and the Petition should be dismissed without prejudice for lack of standing.

## CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its

---

[3] It appears that Favor previously attempted to bring a habeas petition on behalf of Irving in state court. In the order denying the petition as unauthorized and for lack of standing, the state court referenced a letter submitted by Irving stating that Favor was not authorized to present any claims on Irving's behalf. (Petition at 7-8.)

1  procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the
2  petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478.
3       The Court is dismissing the Petition without prejudice because it was filed by Favor
4  and he lacks standing to bring this action on Irving's behalf.  Since Favor clearly lacks
5  standing, he cannot make the requisite showing "that jurists of reason would find it
6  debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at
7  478.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice**;
2. A Certificate of Appealability is **denied**.

DATED:  January 20, 2017

                       JESUS G. BERNAL
                       UNITED STATES DISTRICT JUDGE